The opinion of the Court was delivered by
JOHNSON, J.
The bond given by Judith Ladson to the defendant, John S. Bee, was confessedly in consideration of his wife’s portion of £50,000, secured to the children of James and Judith Ladson, by their marriage settlement, with the payment of which, the whole estate of James Ladson was charged by his last will and testament, in which Judith Ladson was appointed executrix; and the questions which arise, are:
1st. Whether the taking of this bond was such a reduction of the wife’s interest into possession, by the husband, as to bar the wife’s equity 1
2d. If it is, whether the order drawn by defendant, John S. Bee, on William J. and James H. Ladson, the executors of *318 Judith Ladson, for a part of the amount of the bond, was a good equitable assignment, pro tanto ?
3d. If it was, whether the demand is barred by the statute of limitations?
1. The right of the defendant, John S. Bee, to receive and give a discharge for the debt due to his • wife, is not called in question ; ,and the general rule seems to be, that any act done by the husband, which operates to change or divest the wife of the property or choses in action, is á reduction into' possession, and makes them the husband’s, and bars the wife. Upon this principle it was held in Oglander vs. Baston, 1 Vern. 396, that an award, made in pursuance of a submission made by the husband of the wife’s interest in an estate, vested the right in him and went to his executors, (the wife- surviving,) because the award was said to be a sort of judgment and changed the property; and it would seem, from the reasoning of Sir Wm. Grant, in Wall vs. Tomlinson, 16 Ves. 413, that transfering stock, which belonged to the wife, into the sole name of the husband, was such a reduction into possession as changed the property. But this case is too clear to admit of any doubt. The bond given to the defendant, John S. Bee, was an extinguishment of the debt due to his wife. He alone was entitled to sue upon it, and if he had died, the wife surviving, it must have gone to his executors. The wife’s equity is, therefore, very clearly barred.
2. An order drawn, on either a particular or general fund, does not, technically speaking, operate as an assignment, but, as between the drawer and the holder, equity will give effect to it, on the same principles precisely, that the specific performance of other agreements is enforced; and those cases belong to that branch of the equity jurisdiction. It is apparent, therefore, that it is wholly immaterial whether the drawee accepts or not. If the fund is in his hands, the agreement cannot be specifically enforced, but by compelling him to disburse it in payment of the order. The cases cited at the bar in support of this position were very numerous, and all *319 on the same side, but I will only refer to Smith vs. Everett, 4 Bro. Ch. Rep. 64, as bearing a striking analogy to this in other respects. In that case the order was drawn on a fund which the drawee had not, but expected to receive on account of the drawer, from the treasury, and was for a part only of the fund ; and the question growing out of the bankruptcy of the drawer, was, whether this was an appropriation of, and lien on, the fund, and the Lord Commissioner Eyre said there cannot be the smallest doubt about the matter. There could not be a stronger appropriation of the fund, and, in anote to that case, it is said, that the court declared that the assignees of the holder, (for he, too, was a bankrupt,) had a specific lien on the money received, or to be received, from the Lords of the treasury.
The general principle is conceded, but it is contended here, that this being only a partial assignment of a particular fund, equity will not enforce-it, and the opinion of Mr. Justice Story, in Mandeville vs. Welch, 5 Wheaton, 286, is relied on. But in Tiernan vs. Jackson, 5 Peters, 598, Judge Story evidently concedes that the position cannot be maintained, to the extent which it imports, and if we recur to the principle upon which the court proceeds, it is evident that it is immaterial, either as a matter of convenience or right, whether the order is for a part or the whole of the fund. It is not strictly a suit against the drawee, but against the drawer, to compel the specific execution of a contract, which cannot be done without making the drawee a party, and, if he has been blameless, he will be protected from the consequences of his creditor’s splitting up his demand.
I was, on the first view, somewhat embarrassed by the previous assignment made by John S. Bee, of the whole amount of the bond, to John Cripps ; but on looking into the assignment, I find that, although, in point of form, it is a general assignment of the whole bond, it was intended to secure a debt due-to Cripps of an amount much less than the bond, and that he *320 was to pay the balance to Bee, so that, in effect, that also was an equitable assignment of a part only.
3. Having thus disposed of the preceding questions, no doubt can remain that the statute of limitations does not operate as a bar. The order, operating as an assignment, transferred Bee’s interest, to that extent, to the complainants, and if the defendants are bound to pay, the complainants, and not Bee, are not entitled to receive it.
It is, therefore, ordered and decreed, that the decree of the Circuit Court be and the same is hereby set aside and reversed.
The defendants, the executors of Judith Ladson, claim to set off against this demand certain sums of money due and owing to her by the said John S. Bee, before the assignment made’ to the complainants, and they are very clearly entitled to have the same set off and discounted; and it is referred to the Commissioner to ascertain to what those sums amount; and it is further ordered and decreed, that the said defendants, the executors of Mrs. Ladson, do pay to the complainants the balance due on her bond to the said John S. Bee, after deducting therefrom the amount so to be set off and discounted, and the sum due to Daniel -Ravenel, as the administrator of John Cripps, on account of the assignment of the said bond to the said John Cripps, if, upon stating the account, there shall, be found to be so much due to the said complainants. The costs, except the costs of defendant, John S. Bee, must be paid out of the fund. He must pay his own costs, and the court would have decreed the whole costs against him but for his insolvency.
O’Neall, J., concurred.

Decree reversed.